FISHBACK v. FOND DU LAC & N. E. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. October 1, 1907.)

No. 1,351.

CORPORATIONS—INCREASE OF CAPITAL STOCK—WISCONSIN STATUTE.

St. 1898, Wis. § 1774, authorizes the stockholders of a corporation to amend its articles of organization so as to increase or diminish its capital stock, and provides that a certified copy of the amendment shall be filed in the office of the Secretary of State and also recorded in the office of the register of deeds where the corporation is located, and that "no amendment shall be of effect until so recorded and such amendment shall be void until so filed and recorded." *Held* that, under such provision. an amendment increasing the capital stock of a corporation upon being filed did not relate back to the time of its adoption, but that until the date of its filing the capital stock for all legal purposes remained as before it was adopted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 173–180.]

In Error to the Circuit Court of the United States for the Northern District of Illinois.

The facts are stated in the opinion.

Charles Quarles, for plaintiff in error.

John H. S. Lee, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge. The action in the Circuit Court was to recover from plaintiff in error, a citizen of Illinois, the sum of fifteen thousand dollars, paid to him by defendant in error, a citizen of Wisconsin, under a contract wherein plaintiff in error was to sell the bond issue of defendant in error, or as much thereof as might be necessary for the commencement and carrying on of the construction of a railroad project by the defendant in error, amounting to one million, seven hundred and fifty thousand dollars; the fifteen thousand dollars sued upon having been paid plaintiff in error, in advance, for such services.

The declaration, when the case went to trial, besides the common counts, contained a special count alleging failure to perform by plaintiff in error, and rescission by defendant in error, with demand for the repayment of the money advanced. Several defenses having been interposed, the case went to a jury, upon whose verdict in favor of defendant in error for the sum claimed, a judgment was duly entered.

The only defense brought here for review grows out of section 1773 of the statutes of Wisconsin of 1898, reading as follows:

"No such corporation shall transact business with any other than its members until at least one-half of its capital stock shall have been duly subscribed and at least twenty per centum thereof actually paid in; and if any obligation shall be contracted in violation hereof the corporation offending shall have no right of action thereon,"

—the claim of plaintiff in error being that at the time of the transaction sued upon, out of which the obligation to repay arises, twenty per cent. of the capital stock of defendant in error had not actually been paid in. The original capital stock of the defendant in error was ten thousand dollars; and there was proof sufficient to go to the jury to show that two thousand, or twenty per cent., had been paid in at the time the contract with plaintiff in error was made. But it is averred that before that time a resolution had been passed, in pursuance of the laws of Wisconsin, increasing the capital stock to seven hundred and fifty thousand dollars; which resolution, subsequently to the transaction sued upon, was filed with the Secretary of State, whereby, by relation back to the time the resolution was passed, the capitalization was seven hundred and fifty thousand dollars, at the time the resolution was passed, and therefore at the time of the transaction sued upon— the whole point of this defense turning upon the question whether the increased capitalization dates from the passage of the resolution, or from its filing with the Secretary of State.

Section 1774 of the Revised Statutes of 1898 of Wisconsin provides:

"Any corporation organized under this chapter may, at any meeting of its members, by a vote of at least two-thirds of all the stock then outstanding, in case of stock corporations, without stock, unless a greater vote shall be re-

quired in its articles, amend its articles of organization so as to increase or diminish its capital stock. * * * When adopted, a copy of such amendment, with a certificate thereto affixed, signed by the President and Secretary, or if none, the corresponding officers, and sealed with the corporate seal, if there be any, stating the fact and date of adoption of such amendment, and that such copy is a true copy of the original, shall be filed in the office of the Secretary of State, and within thirty days after such filing by the Secretary of State, a like copy shall be recorded in the office of the registrar of deeds where such corporation is located. * * * And no amendment shall be of effect until so recorded, and such amendment shall be void until so filed and recorded."

It seems clear to us that such increase of capital stock is not effective until filed and recorded, for such is the exact language of the statute. And it seems equally clear to us that until such increased capitalization does take effect, the preceding capitalization remains in effect, for otherwise the capitalization during a certain period of the company's existence would not be a fixed figure, but would be in nubibus; dependent, not as the law contemplates upon the record open to the public, but upon whether a certain resolution, wholly within the keeping of the corporation's officers, shall or shall not thereafter be filed for record. And upon this view, as to what under the law of Wisconsin was the capitalization of defendant in error at the time of the transaction sued upon, the defense under review disappears.

The judgment of the Circuit Court is affirmed.